UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ELEANOR CAPOGROSSO,                              :

                        Plaintiff,         :

             -against-           :     **MEMORANDUM AND ORDER**

MITCHELL TROYETSKY, ESQ.,                        :     14-CV-00381 (KNF)

              Defendant.          :

-------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

### Procedural History

On January 21, 2014, Eleanor Capogrosso ("Capogrosso") commenced this action,

pursuant to 15 U.S.C. § 1692, *et seq.*, alleging violations of the Fair Debt Collection Practices

Act ("FDCPA") by Mitchell Troyetsky, Esq. ("Troyetsky"), arising out of a demand letter for

rent in arrears. On May 30, 2014, Capogrosso's counsel made a motion to withdraw as her

attorney, which the Court granted. Thereafter, no other attorney appeared in the action to

represent Capogrosso; thus, she is proceeding pro se. Capogrosso failed to appear for two

pretrial conferences scheduled for January 22 and 29, 2015. Before the Court is the defendant's

motion to dismiss the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, for failure to state a claim upon which relief can be granted, and, alternatively, Rule

41(b) for failure to prosecute or to comply with a court order(s). Capogrosso has not opposed

the motion.

### Allegations

Capogrosso alleges that Troyetsky is an attorney specializing in collecting outstanding

consumer debts, and was employed by her landlord, the creditor. According to Capogrosso, in 2013, Troyetsky sent a demand letter to her in the form of "a one-page printout that did not contain any written disclosure." The letter, which is Exhibit A to the complaint, is dated April 5, 2013, and is signed by the landlord, Anthony Barrett ("Barrett"). Troyetsky's address and telephone number are printed at the bottom of the letter. The demand letter states that Capogrosso is indebted to the landlord in the amount of $6,850 for unpaid rent due for March and April 2013, as well as a $50 late fee. Capogrosso contends that the April 5, 2013 demand letter failed to make proper disclosures, as required in an initial communication from a debt collector, indicating that he is attempting to collect a debt and that any information will be used for that purpose. Moreover, according to Capogrosso, the defendant failed to provide her with a validation notice, within five days of the initial communication.

### Defendant's Contentions

Troyetsky contends that the complaint should be dismissed because he neither issued nor served the demand letter, but, rather, the landlord did. Further, Troyetsky asserts that Capogrosso's "recitals and conclusory statements in her complaint are insufficient [to state a claim upon which relief can be granted] and implausible." Alternatively, Troyetsky contends dismissal is proper, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, because Capogrosso has failed to prosecute the action. In support of that contention, Troyetsky recounts that Capogrosso did not maintain communication with her former counsel, Hashim Rahman, Esq. ("Rahman"), prompting Rahman to move to be relieved as Capogrosso's attorney. In his motion to be relieved as counsel, Rahman noted that he had attempted to contact Capogrosso by various methods, including ten letters, six e-mail messages and six telephone calls. The Court granted Rahman's motion to withdraw on June 25, 2014. The last filing Capogrosso made in

connection with this action was on April 30, 2014.

On June 25, 2014, the Court ordered Capogrosso to provide her address and telephone number to the Court by July 3, 2014; however, she failed to respond timely. Capogrosso sent a letter to the Court dated July 20, 2014, contending that both personal and familial health issues explained her failure to prosecute and asking that her counsel be reinstated. The Court denied her request. In the same letter, Capogrosso provided an updated address, to which the Court sent notice that she risked having this action dismissed for failing to comply with a court order(s) or failing to prosecute the action. Thereafter, Capogrosso failed to attend two pretrial conferences scheduled by the Court for January 22 and 29, 2015. The defendant contends that Capogrosso did not inform the Court why she failed to attend the conferences.

Troyetsky submitted affidavits in support of his motion to dismiss by: (1) his attorney, Sheldon J. Fleishman ("Fleishman"), and (2) Barrett, the plaintiff's former landlord. Barrett's affidavit states that he signed and issued the demand letter, and instructed the superintendent at the building where Capogrosso resided to deliver the letter. Attached to Barrett's affidavit is, inter alia, Exhibit 2, an affidavit of service executed by Andrew Losso, describing the actions he took to serve the demand letter upon Capogrosso.

**DISCUSSION**

*Rule 12(b)(6) Legal Standard*

A party may assert the defense: "failure to state a claim upon which relief can be granted" by a motion. Fed. R. Civ. P. Rule 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleading stage, the plaintiff has an obligation to allege "enough facts to state a claim to

3

relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." Iqbal, 556 U.S. at 678.

When assessing a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters [about] which judicial notice may be taken." Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991).

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. Rule 12(d). The Court will not consider Barrett's affidavit, submitted in support of the defendant's Rule 12(b)(6) motion, because it is a matter outside the pleadings. Fleishman's affidavit, like Barrett's, will not be considered on the Rule 12(b)(6) motion, as it too is outside the pleadings, but will be considered with respect to the Rule 41 request for relief.

To state a violation of the FDCPA, the plaintiff must allege facts tending to show, that (1) she has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or made an omission prohibited by the FDCPA. See Ogbon v. Beneficial Credit Servs., Inc., No. 10 Civ. 3760, 2011 WL 347222, at *4 (S.D.N.Y. Feb. 1, 2011).

To survive a motion to dismiss, Capogrosso must allege facts tending to show that she is a consumer, which is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Rent in arrears is a form of debt. See Romea v. Heiberger & Assocs., 163 F.3d 111, 116 (2d Cir. 1998) (holding back rent is debt under the

FDCPA).  Capogrosso must also allege facts tending to show that Troyetsky is a "debt collector."
The FDCPA explains that a debt collector is "any person who uses any instrumentality of
interstate commerce or the mails in any business the principal purpose of which is the collection
of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or
due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  In addition, Capogrosso must
also allege facts tending to show that Troyetsky's actions violated the FDCPA.  A debt collector
violates the FDCPA if he fails to disclose in the initial communication to a consumer that "the
debt collector is attempting to collect a debt and that any information obtained will be used for
that purpose, and [if he fails] to disclose in subsequent communications that the communication
is from a debt collector."  15 U.S.C. § 1692e(11).

The FDCPA provides:

> Within five days after the initial communication with a consumer in connection with the
> collection of any debt, a debt collector shall, unless the following information is
> contained in the initial communication or the consumer has paid the debt, send the
> consumer a written notice containing – – (1) the amount of the debt; (2) the name of the
> creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty
> days after receipt of the notice, disputes the validity of the debt, or any portion thereof,
> the debt will be assumed to be valid by the debt collector; (4) a statement that if the
> consumer notifies the debt collector in writing within the thirty-day period that the debt,
> or any portion thereof, is disputed, the debt collector will obtain verification of the debt
> or a copy of a judgment against the consumer and a copy of such verification or judgment
> will be mailed to the consumer by the debt collector; and (5) a statement that, upon the
> consumer's written request within the thirty-day period, the debt collector will provide
> the consumer with the name and address of the original creditor, if different from the
> current creditor.

15 U.S.C. § 1692g(a).

*Rule 12(b)(6) Application of Legal Standard*

Capogrosso has alleged enough facts from which the Court can reasonably infer that she has been the object of collection activity arising from consumer debt, owing to the demand letter for rent in arrears which is attached as Exhibit A to the complaint.  Additionally, Capogrosso has alleged enough facts from which the Court can reasonably infer that Troyetsky is a debt collector, since she alleged that Troyetsky "is employed on a regular basis by the creditor (and many other landlords throughout New York) to collect debts arising from alleged defaults in rental payments."

The demand letter contained: (1) the amount of the debt–$6,800 of back rent; and (2) the name of the creditor to whom the debt is owed–OSSA Properties, Inc.  However, the initial communication to Capogrosso did not notify her that she had a thirty-day period to dispute the validity of the debt.  Thus, Capogrosso alleged sufficient facts to state a plausible claim for relief under 15 U.S.C. § 1692g(a).  Capogrosso also alleges that Troyetsky's demand letter did not make proper disclosures, in violation of 15 U.S.C. § 1692e(11).  Troyetsky's demand letter states that Capogrosso is "indebted to the Landlord...in the sum of $6,800.00 for unpaid fixed rent or use occupancy and $50.00 for unpaid late charges."  The letter appears to be signed by Barrett and Troyetsky's address and telephone number appear at the bottom of the letter.  The demand letter does not state that any information obtained will be used to collect the debt.  Taking Capogrosso's allegations as true, she has alleged sufficient facts for the Court to infer reasonably that Troyetsky violated the FDCPA.  Accordingly, granting the defendant's motion to dismiss, on the ground of failure to state a claim upon which relief can be granted, is not warranted.

*Rule 41(b) Legal Standard*

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a

defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. Rule 41(b).

The determination to dismiss an action for failure to prosecute is within the Court's discretion.

See U.S. ex. rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). When

considering dismissal for failure to prosecute, courts consider five factors, none of which is

dispositive, namely, whether: (1) plaintiff's failure to prosecute caused a delay of significant

duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant

is likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion

outweighs the plaintiff's right to an opportunity for a day in court; and (5) lesser sanctions would

be efficient. See id.

When considering whether a significant delay has occurred, a court must be mindful that

"[t]here is no fixed period of time that must elapse before a plaintiff's failure to prosecute

becomes substantial enough to warrant dismissal." Caussade v. United States, 293 F.R.D. 625,

629 (S.D.N.Y. 2013) (holding four-month inaccessibility and a seven-month delay by the

plaintiff weigh heavily in favor of dismissal); see also, Chira v. Lockheed Aircraft Corp., 634

F.2d 664, 666 (2d Cir. 1980) (upholding dismissal where plaintiff caused six-month delay). A

significant delay exists when (a) the failures to prosecute were those of the plaintiff, and (b)

these failures were of a significant duration. Drake, 375 F.3d at 255. However, dismissal has

been found appropriate for a delay as short as two months "when a party has become completely

inaccessible, as accessibility 'strongly suggests that [plaintiff] is not diligently pursuing [her]

claim.'" Caussade, 293 F.R.D. at 630 (citing Dong v. United States, No. 02 Civ. 7751, 2004 WL

385117, at *3 (S.D.N.Y. Mar. 2, 2004)).

On a Rule 41(b) motion, the defendant must demonstrate that he is likely to be prejudiced by further delay, unless prejudice is presumed. See id. "Prejudice may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." Drake, 375 F.3d at 256. "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." Caussade, 293 F.R.D. at 630.

"Prior to dismissal, a court is generally expected to provide warnings that further delay or non-compliance [with court orders] could lead to dismissal, but this is not an absolute requirement." Id. at 630 (internal citation omitted). An action should not be dismissed if lesser sanctions would be sufficient to remedy any prejudice resulting from the plaintiff's delays or failures to comply with court orders. See Drake, 375 F.3d at 257. "The remedy [of dismissal] is pungent, rarely used, and conclusive. A district judge should employ it only when he is sure of the impotence of lesser sanctions." Chira, 634 F.2d at 665. "However, district courts are not required to exhaust possible lesser sanctions before imposing dismissal . . . . Courts consistently find that dismissal is the only adequate remedy for failure to prosecute where a plaintiff cannot be contacted because the plaintiff would be unaware of any lesser sanction that could be imposed." Caussade, 293 F.R.D. at 631. Although *pro se* plaintiffs are held to a lesser standard with regard to interpreting the law, they are held to the same standard for complying with deadlines and checking the docket sheet. See Belliard v. Royal Bank of Scotland PLC, 213 F.R.D. 144, 145 (S.D.N.Y. 2003).

*Rule 41(b) Application of Legal Standard*

**1. Duration**

The delays in this litigation are due entirely to Capogrosso's inaction. She did not communicate with her attorney for several months, failed to respond to his numerous mailings,

telephone calls and e-mail messages, and thus he asked for, and received permission from the Court to withdraw as her counsel.  Capogrosso has given the Court an updated address, yet she has not provided the Court with a working telephone number, as ordered by the Court, and has not responded to efforts to contact her.  Moreover, Capogrosso failed to appear at two consecutive pretrial conferences and failed to communicate to the Court the reasons for her absence from those conferences. Capogrosso has not taken any action to prosecute her case since her last filing with the Court on April 30, 2014.  Thus, she has delayed the litigation for over fourteen months.  This factor militates in favor of dismissal.

**2. Notice**

The Court has issued two orders, dated January 22, 2015, and March 13, 2015, which provided Capogrosso with notice that the action could be dismissed for failure to prosecute. These notices have not moved her to participate in this action.  This factor also militates in favor of dismissal.

**3. Prejudice**

Troyetsky does not argue that further delay will prejudice him; however, Capogrosso's unexplained disappearance may be presumed to prejudice Troyetsky, as it has prevented him – for more than one year – from achieving a resolution of the claims she has asserted against him. See Caussade, 293 F.R.D. at 630.  This factor weighs in favor of dismissing the action.

**4. Balance Between Calendar Congestion and Opportunity to Be Heard**

In weighing the Court's calendar against the plaintiff's right to an opportunity to be heard, the balance tips in favor of reducing calendar congestion, particularly in a circumstance such as this where the plaintiff's conduct has left the case in limbo for more than one year.

"Although dismissal is a harsh remedy that should be utilized only in extreme situations, the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Caussade, 293 F.R.D. at 629 (internal quotation marks and citation omitted). A *pro se* plaintiff's claim should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014). The long period of inactivity on the part of the plaintiff in this case – more than fourteen months – is extreme. A court's calendar is congested when cases remain open indefinitely. "It is not an efficient use of the Court's or defendant['s] resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." Caussade, 293 F.R.D. at 631. Permitting Capogrosso's suit to remain on the Court's calendar deprives other litigants of the right to have an opportunity to be heard by the Court in a timely fashion. This factor militates in favor of dismissal.

## 5. Consideration of Lesser Sanctions

The Court has considered sanctions less drastic than dismissing the action, such as imposing a monetary penalty on Capogrosso or barring her from offering certain evidence at trial. However, in a case such as this, where Capogrosso's failure to pay past due rent may be indicative of financial difficulties, imposing a monetary sanction on her does not seem prudent. Furthermore, at this stage of the litigation, where no evidence has emerged, it is unclear to the Court what evidence Capogrosso has that could be precluded from the trial. Given the warnings the Court has provided to Capogrosso, her dilatory conduct, the prejudice to the defendant that can be presumed and the unavailability of a lesser sanction(s), dismissing the action, after more than fourteen months of delay, is warranted.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss this action is granted, in part, and denied, in part. The defendant's motion to dismiss, pursuant to Fed. R. Civ. P. 41(b), is granted; and his motion, pursuant to Fed. R. Civ. P. 12(b)(6), is denied. This resolves the motion appearing at Docket Entry No. 37. The Clerk of Court is directed to close this case.

Dated: New York, New York
    July 17, 2015

SO ORDERED:

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copy mailed to:

Eleanor Capogrosso

11